UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on November 9, 2023

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **CRIMINAL NO. 23-CR-309 (RC)** |
| | : | |
| v. | : | **VIOLATIONS:** |
| | : | **18 U.S.C. § 1951(a) (Interference with** |
| **SHAMELL NAQUAN JOYNER,** | : | **Commerce by Robbery)** |
| | : | **18 U.S.C. § 2119(1) (Carjacking)** |
| Defendant. | : | **18 U.S.C. § 2312 (Interstate Transportation of** |
| | : | **Stolen Motor Vehicle)** |
| | : | **18 U.S.C. § 924(c)(1)(A)(iii) (Using, Carrying,** |
| | : | **Possessing, and Discharging a Firearm During** |
| | : | **and in Relation to a Crime of Violence)** |
| | : | **18 U.S.C. § 924(c)(1)(A)(ii) (Using, Carrying,** |
| | : | **Possessing, and Brandishing a Firearm During** |
| | : | **and in Relation to a Crime of Violence)** |
| | : | **18 U.S.C. § 922(g)(1) (Unlawful Possession of a** |
| | : | **Firearm and Ammunition by a Person** |
| | : | **Convicted of a Crime Punishable by** |
| | : | **Imprisonment for a Term Exceeding One Year)** |
| | : | |
| | : | **FORFEITURE:** |
| | : | **18 U.S.C. §§ 924(d), 981(a)(1)(C) & 982(a)(5);** |
| | : | **21 U.S.C. § 853(p); 28 U.S.C. § 2461(c)** |

## INDICTMENT

The Grand Jury charges that:

## COUNT ONE

On or about April 12, 2023, within the District of Columbia, **SHAMELL NAQUAN JOYNER** did unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that **SHAMELL NAQUAN JOYNER** did unlawfully take and obtain, and attempt to take and obtain, property belonging to Falcon Fuel consisting of United

States currency, and personal property belonging to Falcon Fuel employees Z.M. and T.G. consisting of United States currency, payment and identity cards, and cellular telephones, from the Falcon Fuel gas station and convenience store located at 1301 13th Street Northwest, Washington, District of Columbia, from the presence of Z.M. and T.G., and against their will by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons, while Z.M. and T.G. were engaged in commercial activities as employees of Falcon Fuel, a business that was engaged in and affecting interstate commerce.

(**Interference with Commerce by Robbery**, in violation of Title 18, United States Code, Section 1951(a))

## COUNT TWO

On or about April 12, 2023, within the District of Columbia, **SHAMELL NAQUAN JOYNER** did unlawfully and knowingly use, carry, possess, and discharge, during and in relation to, and did possess in furtherance of, a crime of violence, for which he may be prosecuted in a court of the United States, that is, Interference with Commerce by Robbery, as charged in Count One of this Indictment, which is incorporated herein, a firearm.

(**Using, Carrying, Possessing, and Discharging a Firearm During and in Relation to a Crime of Violence**, in violation of Title 18, United States Code, Section 924(c)(1)(A)(iii))

## COUNT THREE

On or about April 12, 2023, within the District of Columbia, **SHAMELL NAQUAN JOYNER**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court of the District of Columbia, Criminal Case Number 2017 CF2 017554, did unlawfully and knowingly receive and possess ammunition, that is, 9-millimeter ammunition, which had been possessed, shipped and transported in and affecting

interstate commerce.

**(Unlawful Possession of Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## COUNT FOUR

On or about April 13, 2023, within the District of Columbia, **SHAMELL NAQUAN JOYNER** took a motor vehicle, that is, a 2021 Honda HR-V bearing VIN 3CZRU6H54MM719893, that had been transported, shipped, and received in interstate and foreign commerce, from the person or presence of Z.S.M., by force, violence, and intimidation, with the intent to cause death or serious bodily harm.

**(Carjacking**, in violation of Title 18, United States Code, Section 2119(1))

## COUNT FIVE

On or about April 13, 2023, within the District of Columbia, **SHAMELL NAQUAN JOYNER** did knowingly use, carry, possess, and brandish, during and in relation to, and did possess in furtherance of, a crime of violence for which he may be prosecuted in a court of the United States, that is, Carjacking, as charged in Count Four of this Indictment, which is incorporated herein, a firearm.

**(Using, Carrying, Possessing, and Brandishing a Firearm During and in Relation to a Crime of Violence**, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii))

## COUNT SIX

On or about April 13, 2023, within the District of Columbia and elsewhere, **SHAMELL NAQUAN JOYNER** did unlawfully transport in interstate commerce, from the District of Columbia to the Commonwealth of Virginia, a stolen motor vehicle, that is, a 2021 Honda HR-V

3

bearing VIN 3CZRU6H54MM719893, which he knew to have been stolen.

(**Interstate Transportation of Stolen Motor Vehicle**, in violation of Title 18, United States Code, Section 2312)

## COUNT SEVEN

On or about April 15, 2023, within the District of Columbia, **SHAMELL NAQUAN JOYNER** did unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that **SHAMELL NAQUAN JOYNER** did unlawfully take and obtain, and attempt to take and obtain, property belonging to 7-Eleven consisting of United States currency from the 7-Eleven convenience store located at 1100 Vermont Avenue Northwest, Washington, District of Columbia, from the presence of an employee, and against his will by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person, while that employee was engaged in commercial activities as an employee of 7-Eleven, a business that was engaged in and affecting interstate commerce.

(**Interference with Commerce by Robbery**, in violation of Title 18, United States Code, Section 1951(a))

## COUNT EIGHT

On or about April 15, 2023, within the District of Columbia, **SHAMELL NAQUAN JOYNER** did knowingly use, carry, possess, and brandish, during and in relation to, and did possess in furtherance of, a crime of violence for which he may be prosecuted in a court of the

United States, that is, Interference with Commerce by Robbery, as charged in Count Seven of this Indictment, which is incorporated herein, a firearm.

**(Using, Carrying, Possessing, and Brandishing a Firearm During and in Relation to a Crime of Violence**, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii))

## COUNT NINE

On or about April 17, 2023, within the District of Columbia and elsewhere, **SHAMELL NAQUAN JOYNER** did unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that **SHAMELL NAQUAN JOYNER** did unlawfully take and obtain, and attempt to take and obtain, property belonging to 7-Eleven consisting of United States currency, and personal property belonging to 7-Eleven employee I.D. consisting of his wallet, from the 7-Eleven convenience store located at 3023 Duke Street, Alexandria, Virginia, from the presence of I.D. and another employee, and against their will by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons, while I.D. and another employee were engaged in commercial activities as employees of 7-Eleven, a business that was engaged in and affecting interstate commerce.

**(Interference with Commerce by Robbery**, in violation of Title 18, United States Code, Section 1951(a))

## COUNT TEN

On or about April 17, 2023, within the District of Columbia and elsewhere, **SHAMELL NAQUAN JOYNER** did unlawfully and knowingly use, carry, possess, and discharge, during and in relation to, and did possess in furtherance of, a crime of violence, for which he may be prosecuted in a court of the United States, that is, Interference with Commerce by Robbery, as

charged in Count Nine of this Indictment, which is incorporated herein, a firearm.

(**Using, Carrying, Possessing, and Discharging a Firearm During and in Relation to a Crime of Violence**, in violation of Title 18, United States Code, Section 924(c)(1)(A)(iii))

### COUNT ELEVEN

On or about April 30, 2023, within the District of Columbia, **SHAMELL NAQUAN JOYNER** did unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that **SHAMELL NAQUAN JOYNER** did unlawfully take and obtain, and attempt to take and obtain, property belonging to 7-Eleven consisting of United States currency, and personal property belonging to 7-Eleven employee H.E. consisting of payment and identity cards and United States currency, from the 7-Eleven convenience store located at 7401 Georgia Avenue Northwest, Washington, District of Columbia, from the presence of H.E. and another employee, and against their will by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons, while H.E. and another employee were engaged in commercial activities as employees of 7-Eleven, a business that was engaged in and affecting interstate commerce.

(**Interference with Commerce by Robbery**, in violation of Title 18, United States Code, Section 1951(a))

### COUNT TWELVE

On or about April 30, 2023, within the District of Columbia, **SHAMELL NAQUAN JOYNER** did knowingly use, carry, possess, and brandish, during and in relation to, and did possess in furtherance of, a crime of violence for which he may be prosecuted in a court of the

United States, that is, Interference with Commerce by Robbery, as charged in Count Eleven of this Indictment, which is incorporated herein, a firearm.

(**Using, Carrying, Possessing, and Brandishing a Firearm During and in Relation to a Crime of Violence**, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii))

### COUNT THIRTEEN

On or about May 1, 2023, within the District of Columbia, **SHAMELL NAQUAN JOYNER** did unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that **SHAMELL NAQUAN JOYNER** did unlawfully take and obtain, and attempt to take and obtain, property belonging to 7-Eleven consisting of United States currency from the 7-Eleven convenience store located at 1315 2nd Street Northeast, Washington, District of Columbia, from the presence of employees, and against their will by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons, while the employees were engaged in commercial activities as employees of 7-Eleven, a business that was engaged in and affecting interstate commerce.

(**Interference with Commerce by Robbery**, in violation of Title 18, United States Code, Section 1951(a))

### COUNT FOURTEEN

On or about May 1, 2023, within the District of Columbia, **SHAMELL NAQUAN JOYNER** did knowingly use, carry, possess, and brandish, during and in relation to, and did possess in furtherance of, a crime of violence for which he may be prosecuted in a court of the

United States, that is, Interference with Commerce by Robbery, as charged in Count Thirteen of this Indictment, which is incorporated herein, a firearm.

(**Using, Carrying, Possessing, and Brandishing a Firearm During and in Relation to a Crime of Violence**, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii))

## COUNT FIFTEEN

On or about May 1, 2023, within the District of Columbia, **SHAMELL NAQUAN JOYNER** did unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that **SHAMELL NAQUAN JOYNER** did unlawfully take and obtain, and attempt to take and obtain, property belonging to 721 Shop & Run consisting of United States currency, and personal property belonging to 721 Shop & Run employee M.R. consisting of United States currency, from the 721 Shop & Run convenience store located at 721 H Street Northeast, Washington, District of Columbia, from the presence of M.R. and other employees, and against their will by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons, while M.R. and other employees were engaged in commercial activities as employees of 721 Shop & Run, a business that was engaged in and affecting interstate commerce.

(**Interference with Commerce by Robbery**, in violation of Title 18, United States Code, Section 1951(a))

## COUNT SIXTEEN

On or about May 1, 2023, within the District of Columbia, **SHAMELL NAQUAN JOYNER** did knowingly use, carry, possess, and brandish, during and in relation to, and did possess in furtherance of, a crime of violence for which he may be prosecuted in a court of the

8

United States, that is, Interference with Commerce by Robbery, as charged in Count Fifteen of this Indictment, which is incorporated herein, a firearm.

**(Using, Carrying, Possessing, and Brandishing a Firearm During and in Relation to a Crime of Violence**, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii))

### COUNT SEVENTEEN

On or about May 2, 2023, within the District of Columbia, **SHAMELL NAQUAN JOYNER** did unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that **SHAMELL NAQUAN JOYNER** did unlawfully take and obtain, and attempt to take and obtain, property belonging to 7-Eleven consisting of United States currency, and personal property belonging to 7-Eleven employee T.G. consisting of payment and identity cards, from the 7-Eleven convenience store located at 1645 Connecticut Avenue Northwest, Washington, District of Columbia, from the presence of T.G., and against his will by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person, while T.G. was engaged in commercial activities as an employee of 7-Eleven, a business that was engaged in and affecting interstate commerce.

**(Interference with Commerce by Robbery**, in violation of Title 18, United States Code, Section 1951(a))

### COUNT EIGHTEEN

On or about May 2, 2023, within the District of Columbia, **SHAMELL NAQUAN JOYNER** did knowingly use, carry, possess, and brandish, during and in relation to, and did possess in furtherance of, a crime of violence for which he may be prosecuted in a court of the United States, that is, Interference with Commerce by Robbery, as charged in Count Seventeen of

9

this Indictment, which is incorporated herein, a firearm.

(**Using, Carrying, Possessing, and Brandishing a Firearm During and in Relation to a Crime of Violence**, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii))

## COUNT NINETEEN

On or about May 2, 2023, within the District of Columbia and elsewhere, **SHAMELL NAQUAN JOYNER** did unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that **SHAMELL NAQUAN JOYNER** did unlawfully take and obtain, and attempt to take and obtain, property belonging to 7-Eleven consisting of United States currency from the 7-Eleven convenience store located at 8484 Georgia Avenue, Silver Spring, Maryland, from the presence of an employee, and against his will by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person, while that employee was engaged in commercial activities as an employee of 7-Eleven, a business that was engaged in and affecting interstate commerce.

(**Interference with Commerce by Robbery**, in violation of Title 18, United States Code, Section 1951(a))

## COUNT TWENTY

On or about May 2, 2023, within the District of Columbia and elsewhere, **SHAMELL NAQUAN JOYNER** did knowingly use, carry, possess, and brandish, during and in relation to, and did possess in furtherance of, a crime of violence for which he may be prosecuted in a court

of the United States, that is, Interference with Commerce by Robbery, as charged in Count Nineteen of this Indictment, which is incorporated herein, a firearm.

**(Using, Carrying, Possessing, and Brandishing a Firearm During and in Relation to a Crime of Violence**, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii))

### COUNT TWENTY-ONE

On or about May 2, 2023, within the District of Columbia and elsewhere, **SHAMELL NAQUAN JOYNER** did unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that **SHAMELL NAQUAN JOYNER** did unlawfully take and obtain, and attempt to take and obtain, property belonging to 7-Eleven consisting of United States currency and cigarettes from the 7-Eleven convenience store located at 1101 Annapolis Road, Odenton, Maryland, from the presence of an employee, and against his will by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person, while that employee was engaged in commercial activities as an employee of 7-Eleven, a business that was engaged in and affecting interstate commerce.

**(Interference with Commerce by Robbery**, in violation of Title 18, United States Code, Section 1951(a))

### COUNT TWENTY-TWO

On or about May 2, 2023, within the District of Columbia and elsewhere, **SHAMELL NAQUAN JOYNER** did knowingly use, carry, possess, and brandish, during and in relation to, and did possess in furtherance of, a crime of violence for which he may be prosecuted in a court of the United States, that is, Interference with Commerce by Robbery, as charged in Count

11

Twenty-One of this Indictment, which is incorporated herein, a firearm.

(**Using, Carrying, Possessing, and Brandishing a Firearm During and in Relation to a Crime of Violence**, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii))

## COUNT TWENTY-THREE

On or about May 2, 2023, within the District of Columbia and elsewhere, **SHAMELL NAQUAN JOYNER** did unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that **SHAMELL NAQUAN JOYNER** did unlawfully take and obtain, and attempt to take and obtain, property belonging to Exxon Auto Service Center consisting of United States currency from the Exxon Auto Service Center located at 7898 Ridge Road, Hanover, Maryland, from the presence of an employee, and against his will by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person, while the employee was engaged in commercial activities as an employee of the Exxon Auto Service Center, a business that was engaged in and affecting interstate commerce.

(**Interference with Commerce by Robbery**, in violation of Title 18, United States Code, Section 1951(a))

## COUNT TWENTY-FOUR

On or about May 2, 2023, within the District of Columbia and elsewhere, **SHAMELL NAQUAN JOYNER** did knowingly use, carry, possess, and brandish, during and in relation to, and did possess in furtherance of, a crime of violence for which he may be prosecuted in a court of the United States, that is, Interference with Commerce by Robbery, as charged in Count

12

Twenty-Three of this Indictment, which is incorporated herein, a firearm.

**(Using, Carrying, Possessing, and Brandishing a Firearm During and in Relation to a Crime of Violence**, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii))

## COUNT TWENTY-FIVE

On or about May 2, 2023, within the District of Columbia and elsewhere, **SHAMELL NAQUAN JOYNER** took a motor vehicle, that is a 2020 Toyota RAV4 bearing VIN JTMRWRFV7LD550872, that had been transported, shipped, and received in interstate and foreign commerce, from the person or presence of I.B., by force, violence, and intimidation, with the intent to cause death or serious bodily harm.

**(Carjacking**, in violation of Title 18, United States Code, Section 2119(1))

## COUNT TWENTY-SIX

On or about May 2, 2023, within the District of Columbia and elsewhere, **SHAMELL NAQUAN JOYNER** did knowingly use, carry, possess, and brandish, during and in relation to, and did possess in furtherance of, a crime of violence for which he may be prosecuted in a court of the United States, that is, Carjacking, as charged in Count Twenty-Five of this Indictment, which is incorporated herein, a firearm.

**(Using, Carrying, Possessing, and Brandishing a Firearm During and in Relation to a Crime of Violence**, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii))

## COUNT TWENTY-SEVEN

On or about May 2, 2023, within the District of Columbia and elsewhere, **SHAMELL NAQUAN JOYNER** did unlawfully transport in interstate commerce, from the State of Maryland

to the District of Columbia, a stolen motor vehicle, that is, a 2020 Toyota RAV4 bearing VIN JTMRWRFV7LD550872, which he knew to have been stolen.

**(Interstate Transportation of Stolen Motor Vehicle**, in violation of Title 18, United States Code, Section 2312)

## COUNT TWENTY-EIGHT

On or about May 2, 2023, within the District of Columbia, **SHAMELL NAQUAN JOYNER**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court of the District of Columbia, Criminal Case Number 2017 CF2 017554, did unlawfully and knowingly receive and possess a firearm, that is, a .22 LR caliber semi-automatic firearm, and did unlawfully and knowingly receive and possess ammunition, that is, .22 LR caliber ammunition, which had been possessed, shipped and transported in and affecting interstate commerce.

**(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## FORFEITURE ALLEGATIONS

1.      Upon conviction of any of the offenses alleged in Counts One, Six, Seven, Nine, Eleven, Thirteen, Fifteen, Seventeen, Nineteen, Twenty-One, Twenty-Three, and Twenty-Seven of this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c). The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses.

2.      Upon conviction of any of the offenses alleged in Counts Four, Six, Twenty-Five, and Twenty-Seven of this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses, pursuant to Title 18, United States Code, Section 982(a)(5) and Title 28, United States Code, Section 2461(c). The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses.

3.      Upon conviction of any of the offenses alleged in Counts Two, Three, Five, Eight, Ten, Twelve, Fourteen, Sixteen, Eighteen, Twenty, Twenty-Two, Twenty-Four, Twenty-Six, and Twenty-Eight of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offenses, including but not limited to a 9-millimeter firearm and 9-millimeter ammunition and a .22 LR caliber semi-automatic firearm and .22 LR caliber ammunition.

15

4.    If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the Court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Sections 924(d), 981(a)(1)(C), and 982(a)(5); Title 21, United States Code, Section 853(p); and Title 28, United Sates Code, Section 2461(c))

A TRUE BILL:

FOREPERSON.

Attorney of the United States in
and for the District of Columbia.

16