**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SHAMELL NAQUAN JOYNER,<br><br>　　　　　　　　　Defendant. | Case No. 23-cr-309-RC<br><br>Honorable Rudolph Contreras<br><br>Trial:  June 29, 2026 |

**DEFENDANT SHAMELL NAQUAN JOYNER'S MOTION FOR
<u>DECLARATION OF MISTRIAL</u>**

Defendant Shamell Naquan Joyner, by and through his undersigned counsel, respectfully moves for a declaration of a mistrial as to all counts of the Superseding Indictment due to the erroneous jury instructions given on July 22, 2026.  The Court, by instructing the jury that they could interpret Instruction 3.101 to supersede the limits of Instruction 2.402, erroneously: (1) misstated the law in contravention of the multi-count limiting instruction it properly gave pursuant to the Defense's timely pre-trial request, (2) allowed 404(b) evidence without proper procedural hurdles including fair notice, the opportunity for counsel to respond and integrate the evidence into defense strategy, limiting instructions, and the necessary Rule 403 balancing analysis, and (3) violated Mr. Joyner's Fifth and Sixth Amendment rights to due process and effective assistance of counsel.  The prejudice caused by these errors during jury deliberation cannot be cured and has deprived Mr. Joyner of a fair trial.

**BACKGROUND**

The Government charged, via Superseding Indictment, 28 counts arising from ten armed robberies and two carjackings.  Both pre-trial and following the close of the Government's case,

Defense counsel moved to sever various counts of the indictment due to the risk of cumulation prejudice between the evidence of the disparate charges.  (Dkt. No. 51; June 4, 2026 Tr. at 18:9-28:17; July 17, 2026 Tr. at 32:24-34:12.)  On June 5, 2026, the Court denied the Defense's pre-trial motion in part because of its finding that "the jury will be able to treat the evidence relevant to each charge separately and distinctly."  (Dkt. No. 140 at 11.)

The Defense also moved *in limine* to (1) prohibit the cross-admission of evidence for any purpose not allowed under Rule 404(b), and (2) for appropriate limiting instructions to be given wherever 404(b) evidence was permitted for an articulated non-propensity purpose.  (Dkt. No. 100 at 6–7.)  The Government's opposition sought cross-admission of certain evidence for the non-propensity purpose of establishing *identity* only.  (*See* Dkt. No. 112 at 3–13.)  In its Memorandum Opinion, the Court found permissible the cross-admission of specific evidence under Rule 404(b) for the sole purpose of establishing identity, and ordered that "[f]or any specific evidence of one charged offense to be cross-admissible on another offense, the Government must persuade the Court not only that the evidence is sufficiently distinctive and relevant to identity under Rule 404(b), but also that its probative value is not substantially outweighed [by Rule 403 considerations]."  (Dkt. No. 148 at 37 n.22.)  The Court further granted the Defense's request for a limiting instruction, noting that it would give Red Book Instruction 2.402, informing jurors that "[e]ach count of the Indictment charges a separate offense.  You should consider each offense, *and the evidence which applies to it*, separately . . . ."  (*Id.* at 39 n.23 (emphasis added).)  At no point did the Government request, nor did the Court permit, the cross-admission of evidence between charges to prove intent.[1]

---

[1]    The Government provided pre-trial notice of its intent to offer 404(b) evidence only as it related to: (1) five photographs of Mr. Joyner allegedly with firearms, (2) evidence of an alleged fraudulent transaction, (3) evidence of an April 26 arrest of Mr. Joyner to show the grey shoes

Following the Government's case, the Court held a Charging Conference where the parties mutually agreed to remove the Defense's proposed Red Book Instruction 2.321B, regarding the admission of other crimes evidence for the purposes of establishing intent, absence of mistake, accident, or knowledge. (*See* July 17, 2026 Tr. at 10:5–9.) The Defense agreed that the instruction was unnecessary because the Government had not argued for or requested the cross-admission of evidence under Rule 404(b) for the purposes of satisfying any intent element. On July 21, 2026, the Court charged the jury with specific instructions, which included Instruction 3.101 "Proof of State of Mind," as well as the limiting instruction requested by the Defense, "Multiple Counts – One Defendant" (Instruction 2.402). (July 21, 2026 Morning Tr. at 22:3-11; 22:19-23:9.)

On July 21, 2026, the jury requested clarification of the specific intent element applicable to the April 13, 2023 Carjacking (Count Four) and the May 2, 2023 Carjacking (Count Twenty-Five). (July 22, 2026 Tr. at 2:12-14.) After receiving the Court's response, on July 22, 2026, jurors queried, "In consideration of any individual count, are we permitted to use all of the evidence in the case or do we only use the evidence that is chronologically or situationally tied to that count? For example, can an action on a separate date inform intent to cause serious bodily harm at a separate date?" (July 22, 2026 Tr. at 8:5-11.) Defense objected, arguing that the Court must apply a Rule 404(b) analysis to the issue, and ultimately should instruct the jury that they

---

and necklace Mr. Joyner was wearing as well as Mr. Joyner's alleged statement that he lived in the 400 block of Valley Avenue. (Dkt. Nos. 53 at 37–39, 98 at 2–18.)

The Government noticed this evidence for the purpose of establishing identity. (Dkt. No. 53 at 37–39; Dkt. No. 98 at 2–18; Dkt. No. 126 at 5–7.) Additionally, the Government sought to introduce the five firearm photographs also to establish Mr. Joyner's knowledge of firearms, for purposes of the *mens rea* for the charged 924(c) counts, but the Court excluded those photographs after explicitly rejecting that basis. (Dkt. No. 148 at 11–17.) The Court also noted that Rule 404(b) requires "the prosecutor provide written notice 'before trial.'" (*Id.* at 18 n.10.)

could not consider evidence of separate crimes to establish intent on a particular day, pursuant to the requested limiting Instruction 2.402.  (July 22, 2026 Tr. at 6:19–7:5.)  The Court overruled the objection and instructed the jury that it could consider "evidence of one count during your consideration of another count" to infer intent under 3.101 and provided a limiting instruction only that other crimes evidence should not be used for the purposes of inferring criminality.  (*Id.* at 8:5–9:7.)  Specifically, the Court instructed the jury:

> I received a note from you asking whether, in the consideration of any individual count, you are permitted to use all of the evidence in the case or instead only the evidence that is chronologically or situationally tied to that count.  For example, you asked whether an action on a separate date can inform intent to cause serious bodily harm on a separate date.

> The short answer is "yes."  The longer answer is that there is a difference here between inferring intent and inferring criminality.  You cannot infer criminality based on evidence for one count to determine another.  For example, you cannot determine a defendant committed one crime alleged in one count simply because you found he committed the crime in another count.  With that, I refer you to the language in Instruction 2.402 ("Multiple Counts"), which specifically states: "The fact that you may find the defendant guilty or not guilty on any one count of the Indictment should not influence your verdict with respect to any other count of the Indictment."

> However, you can consider facts in evidence for one count during your consideration of another count for purposes of determining intent, which is the example you gave.  For this, I refer you to Instruction 3.101 ("Proof of State of Mind"), which specifically states at the end: "You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that Mr. Joyner acted with the necessary state of mind."

The Court so-instructed the jury without providing the Defense with an opportunity to review and object to the specific language of the instruction provided.  (*See id.* at 7:6–9:7.)

**ARGUMENT**

**I.    THE COURT'S INSTRUCTIONS ERRONEOUSLY DIRECTED JURORS TO CUMULATE EVIDENCE BETWEEN DISPARATE CHARGES.**

The Court's instruction misstated the law.  The Court informed the jury that it could "consider facts in evidence for one count during your consideration of another count for purposes of determining intent," and referred specifically to Instruction 3.101 (Proof of State of Mind). But, with respect, this instruction erroneously directed the jury to cumulate evidence between charges to determine intent, which was expressly prohibited by Instruction 2.402.  *See Gooch* v. *United States*, 665 F.3d 1318, 1336–37 (D.C. Cir. 2012) (evidence of joined counts must be considered separately); *United States* v. *Fulcher*, 626 F.2d 985, 988 (D.C. Cir. 1980) (holding that "each count in an indictment is regarded as if it was a separate indictment" to determine sufficiency).  Instruction 3.101 permits inference of intent based on the full circumstances of a charge, but it is not a vehicle to expand the evidence that may be considered for a particular offense beyond the separate, distinct evidence of each charge, as outlined in Instruction 2.402. *See Jordan* v. *Watkins*, 681 F.2d 1067, 1076 (5th Cir. 1982) (general definition does not supersede specific instruction); *United States* v. *Wilson*, 605 F.3d 985, 1018 (D.C. Cir. 2010) ("The pertinent question is 'whether, taken as a whole, [the instructions] accurately state the governing law and provide the jury with sufficient understanding of the issues and applicable standards.'" (citation omitted)).  Put another way, Instruction 2.402 determines what evidence the jury may consider *for each count*; Instruction 3.101 explains how the jury may infer intent from the total evidence that is properly applicable to that count.

The Court's instruction allowed the jury to ignore the requested limitations of Instruction 2.402, in violation of Rule 105 of the Federal Rules of Evidence, and allowed cumulation of evidence between charges for a non-permissible purpose as discussed below.  This is precisely

the sort of prejudice that the Defense sought to prevent when it moved to sever and when it moved *in limine* for appropriate limitations against cross-admission of evidence. At this stage, the prejudice from this error cannot be cured with further instructions.

II.    **THE CROSS-ADMISSION OF EVIDENCE BETWEEN CHARGES IS 404(B) EVIDENCE THAT REQUIRED PROCEDURAL NOTICE, JUDICIAL APPLICATION OF THE 404(b) ANALYSIS, AND A LIMITING INSTRUCTION.**

   A. **The Cross-Admission of 404(b) Evidence Without Proper Notice, Consideration, and Limiting Instructions Was Error.**

The Government was required to—and did not—satisfy Rule 404(b)'s notice requirements and admissibility factors to seek the cross-admission of this evidence. Cross-admission of evidence in support of a separate offense charged in the same indictment is only admissible where the evidence of each offense satisfies the standards of Rule 404(b). *See United States* v. *Delgado*, 2023 WL 8354928, at *5 (D.D.C. Dec. 1, 2023) (citing *United States* v. *Blunt*, 404 F.2d 1283, 1288 (D.C. Cir. 1968)). Rule 404(b) outlines the specific non-propensity purposes for which such evidence may be offered and further mandates that "the prosecutor *must*" (1) "provide reasonable notice of any such evidence" so that the defendant "has a fair opportunity to meet it," (2) "articulate in the notice the permitted purpose" for which it is offered and include "the reasoning that supports the purpose," and (3) do so in writing before trial or else "in any form during trial if the court, for good cause, excuses lack of pretrial notice." Fed. R. Evid. 404(b)(3) (emphasis added). None of those procedural safeguards were satisfied here.

*First*, the prosecution failed, either pre-trial or mid-trial, to provide notice of its intent to use evidence across charges as to intent. Given that the prosecution provided no notice at all, the prosecution also failed to "articulate . . . the permitted purpose" for this use of the evidence as well as "the reasoning that supports the purpose." *Id*. The failure to request cross-admission of the evidence between charges to establish intent deprived the Defense of *any* opportunity, let

alone a "fair opportunity," to object to the articulated use and to meet that evidence at trial. *See United States* v. *Spinner*, 152 F.3d 950, 961 (D.C. Cir. 1998); *Cf. United States* v. *McGill*, 815 F.3d 846, 889 (D.C. Cir. 2016) (noting the risk for jury confusion where "[t]he court's final jury instruction identified a litany of potentially relevant purposes for the Rule 404(b) evidence (such as absence of mistake or accident) that had never previously been mentioned. . . ."). And even if the request mid-deliberation qualified as a request made "during trial" (which it does not), the Court never made an affirmative finding that the prosecution's failure to request such notice satisfied the "good cause" standard. *See United States* v. *Fey*, 89 F.4th 903, 911 (11th Cir. 2023) (Courts must find good cause to excuse lack of pretrial notice); *see also* Fed. R. Evid. 404(b) advisory committee's note to 2020 amendment (the good cause exception applies to "the timing of the obligations to articulate a non-propensity purpose and the reasoning supporting that purpose.").

*Second*, by failing to provide proper notice and to articulate the permitted purpose for which specific evidence was offered, the prosecution prevented a proper analysis regarding the admissibility of this evidence under Rules 404(b) and 403, which the Court was required to—and did not—conduct. *See United States* v. *Davitashvili*, 602 F. Supp. 3d 704, 718 (E.D. Pa. 2022) (finding the government had not met its burden to admit various forms of 404(b) evidence where "it merely argue[d] all the proffered evidence under Rule 404(b) meets the relevance standard for intent . . . through a cursory analysis not specific to each piece of evidence or groups of evidence."). Prior to instructing the jury, the Court never made the requisite finding that any specific evidence is both cross-admissible for intent under Rule 404(b) and more probative than unfairly prejudicial or confusing under Rule 403. *United States* v. *Lee*, 724 F.3d 968, 976 (7th Cir. 2013) ("Simply because a subject like intent is formally at issue . . . does not automatically

open the door to proof of the defendant's other wrongful acts for purposes of establishing his intent."); *see also United States* v. *Machado-Erazo*, 47 F.4th 721 (D.C. Cir. 2018). Such a Rule 403 finding is particularly critical when evidence is offered under Rule 404(b) purportedly to show intent. *See United States* v. *Miller*, 673 F.3d 688, 698 (7th Cir. 2012) ("[I]ntent is the exception most likely to blend with improper propensity uses."). The Court had previously ordered that the Government needed to satisfy these standards for any specific evidence to be deemed cross-admissible. (Dkt. No. 148 at 37 n.22.) But that did not happen here. And the Defense had no meaningful opportunity to litigate the issue.

*Third*, because the prosecution failed to articulate any specific evidence it sought to cross admit, the Court did not instruct the jury regarding specific pieces of evidence that could be considered, or how they may be considered. This greatly increases the risk of cumulation prejudice between the various counts. *See McGill*, 815 F.3d at 889 ("[A] proper Rule 404(b) jury instruction should identify the evidence at issue and the particular purpose for which a jury could permissibly use it.").

### B. The Supplemental Instructions Violated Mr. Joyner's Fifth and Sixth Amendment Rights.

The Court's mid-deliberation supplemental instruction implicates Mr. Joyner's rights to due process and a fair trial. Whether evidence admitted as to one charge may be considered in determining Mr. Joyner's intent as to another raises complex questions under Federal Rules of Evidence 404(b) and 403 that the parties and the Court have not yet addressed on the record. Regardless of whether the government's proposed theory ultimately satisfies those rules, authorizing a new use of 404(b) evidence after deliberations had begun deprived Mr. Joyner of a meaningful opportunity to defend against it. The Defense had no notice during trial that the jury could rely on evidence from one charged offense to infer intent as to another and therefore could

not tailor its opening statement, cross-examinations, presentation of evidence, requests for limiting instructions, or closing argument to address that theory. A mid-deliberation expansion of the permissible use of the evidence fundamentally alters the basis on which the jury may convict after the Defense's opportunity to respond has passed, creating a substantial risk that the jury will impermissibly use evidence of intent for one offense as proof of intent for another. *See United States* v. *Hernandez*, 859 F.3d 817, 823 (9th Cir. 2017) ("It is a longstanding precept of the common law that a person cannot be convicted of one crime on the basis of an intent to commit another.").

The manner in which the Court delivered the supplemental instruction independently violated Mr. Joyner's Sixth Amendment right to the assistance of counsel. Federal courts recognize supplemental jury instructions during deliberations as a critical stage of the proceedings requiring that defense counsel receive notice and a meaningful opportunity to be heard. *See Curtis* v. *Duval*, 124 F.3d 1, 4 (1st Cir. 1997); *French* v. *Jones*, 332 F.3d 430, 438 (6th Cir. 2003); *United States* v. *Rosales-Rodriguez*, 289 F.3d 1106, 1110 (9th Cir. 2002). Here, after receiving the jury's note, the parties had less than twenty minutes to determine their positions, confer, and present argument to the Court, and were afforded no opportunity to review or object to the language of the supplemental instruction before it was given. As the D.C. Circuit has cautioned, district courts should "always consult with counsel about the wording of a jury instruction before the instruction is given," so counsel may object and propose modifications before the jury hears the charge. *United States* v. *Driscoll*, 984 F.3d 103, 112 n.6 (D.C. Cir. 2021). By issuing a broad supplemental instruction without that process, the Court deprived Mr. Joyner of the effective assistance of counsel at a critical stage and exacerbated the risk that the jury would rely on an impermissible propensity inference in reaching its verdict.

III.    **IN THE ALTERNATIVE, THE COURT SHOULD CONDUCT A RULE 404(B) ANALYSIS AND, IF THE EVIDENCE IS PROPERLY CROSS-ADMISSIBLE, PROVIDE AN APPROPRIATE LIMITING INSTRUCTION.**

Given the incurable prejudice at this point in the trial, a mistrial is the proper remedy. Without relinquishing that argument, in the alternative, the Defense requests that the Court withdraw its erroneous instruction and apply the procedures applicable to this issue, including: (1) requiring the Government to provide the proper notice and articulation of the permitted purpose to the specific evidence at issue, as required by Rule 404(b); (2) hearing argument as to whether good cause excuses the lack of pretrial notice for this purpose and making the required ruling; (3) hearing argument and conducting a full Rule 404(b) analysis, including the applicable Rule 403 balancing; and (4) if necessary, providing an appropriate limiting instructing informing the jury of what particular pieces of evidence are cross-admissible under Rule 404(b), and the precise purpose for which each is offered in line with Redbook Instruction 2.321B as well as the precise findings the jury would be required to make before it could consider this evidence for this purpose.    Because the Government has not provided the required notice and articulation concerning what evidence from other counts it would intend be used to establish intent across other counts, the Defense is unable to propose a meaningful limiting instruction at the time. *See generally* Red Book Instruction 2.321B (requiring description of other specific crimes evidence); *McGill*, 815 F.3d at 889; *Davitashvili*, 602 F. Supp. 3d at 718 (finding that the admission of 404(b) evidence is a "precision-laden analysis" requiring review of "each piece of evidence" along with a corresponding limiting instruction related to the evidence admitted).    The Government should be required to identify the items of evidence from other charged conduct that could be cross admissible to establish intent, and the parties must be afforded an opportunity to

litigate these issues before the Court settles on a limiting instruction.  At a minimum, the Defense requests a corrected limiting instructing modeled off of Instruction 2.321B, to read as follows:

**2.321 Other Crimes Evidence – Intent, Absence of Mistake, Accident or Knowledge**

You have heard evidence related to distinct and separate charges.  Pursuant to my Instruction 2.402, you must consider each offense, and the evidence which applies to it, separately except where I instruct you otherwise.

I will now describe one exception to that rule.

You must first decide, without considering evidence of any separate count at all, whether the government has proved beyond a reasonable doubt that the defendant, Mr. Joyner, has committed the actions alleged in any specific count of the Indictment.  If you find that the government has proved, beyond a reasonable doubt, that Mr. Joyner has committed the actions alleged in any particular count, then you may consider the evidence that he committed other actions alleged in other counts of the Indictment for the sole purpose of determining whether the government has proved beyond a reasonable doubt that Mr. Joyner acted with the requisite intent applicable to that specific count of the Indictment.

You may not use this evidence between separate counts for any other purpose.  As I described previously, you may not use this evidence to conclude that he has a bad character, or a criminal personality.  The law does not allow you to convict Mr. Joyner simply because you believe he may have done bad things or because you believe he may have performed other bad actions that you find irrelevant to evaluating his specific intent at the particular time when you find, beyond a reasonable doubt, that he committed any of the actions alleged in the Indictment.

**CONCLUSION**

Mr. Joyner respectfully requests declaration of a mistrial given the instruction that allowed cumulation of evidence over Defense objection. In the alternative, and without relinquishing that argument, Mr. Joyner respectfully requests that the Court withdraw the erroneous jury instruction and issue a corrected instruction.

Dated:  July 23, 2026

<table>
<tr><td></td><td>/s/ Kamil R. Shields</td></tr>
<tr><td>John J. Liolos (<i>pro hac vice</i>)</td><td>Kamil R. Shields (1674318)</td></tr>
<tr><td>Melike Tokatlioglu (<i>pro hac vice</i>)</td><td>Nathan H. Golden (90024837)</td></tr>
<tr><td>SULLIVAN & CROMWELL LLP</td><td>Kiera S. Judge (90043582)</td></tr>
<tr><td>125 Broad Street</td><td>SULLIVAN & CROMWELL LLP</td></tr>
<tr><td>New York, NY 10004</td><td>1700 New York Avenue, N.W., Suite 700</td></tr>
<tr><td>Telephone:  (212) 558-4000</td><td>Washington, D.C. 20006</td></tr>
<tr><td></td><td>Telephone:  (202) 956-7040</td></tr>
</table>

*Counsel for Defendant Shamell Naquan Joyner*

-12-